UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

R.L.C. (XXX-XX-9635)            CIVIL ACTION NO. 08-cv-0460

VERSUS

U.S. COMMISSIONER SOCIAL      MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## MEMORANDUM RULING

**Introduction**

R.L.C. ("Plaintiff") filed applications for benefits based on the alleged onset of disability on November 8, 2005 when the then 32-year-old suffered a cerebrovascular accident (CVA). Plaintiff also alleged that he suffered from depression and hypertension.

ALJ W. Thomas Bundy conducted a hearing and issued a written decision in which he analyzed the claim under the five-step sequential analysis required by the regulations. At step two, he found that Plaintiff had the following severe impairments: status post-CVA, hypertension, and depression. Plaintiff had claimed that he could not see with his left eye, but medical tests indicated that Plaintiff could, despite his claims, actually see as well with his left eye as he could with his right eye. Plaintiff had claimed during testing that he could not voluntarily look to the left, but in another portion of the examination, when Plaintiff was not aware, his spontaneous movements were full in both eyes. Based on this evidence, as well as the opinion of a state agency ophthalmologist who reviewed the records, the ALJ found that the claimed visual impairment was not severe.

At step three, the ALJ reviewed Plaintiff's claim of a mental impairment to determine whether it met or medically equaled the criteria of a listing, which would require a finding of disability without regard to the claimant's age, education, or vocational factors. The ALJ found that Plaintiff did not satisfy a listing, but Plaintiff did have some psychological limitations. Those limitations were reflected in the residual functional capacity (RFC) that the ALJ next assessed.

The ALJ determined that Plaintiff had the RFC to perform light work, reduced by the ability to stand or walk for about two hours of an eight-hour day and to sit for about six hours of the day, with normal breaks. The ALJ added that Plaintiff had the ability to only occasionally perform postural actions such as climbing (but never ladders, ropes, or scaffolds), balancing, stooping, kneeling, crouching, and crawling. The RFC was also reduced by a moderate limitation in the following: the ability to understand, remember and carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; as well as the ability to respond appropriately to changes in the work setting.

At step four, the ALJ found that Plaintiff's RFC did not permit him to return to his past relevant work as a cable TV service technician or package delivery driver, which required heavy and medium exertional abilities. The ALJ received testimony from vocational

expert (VE) Lenora Maatouk as to whether there are other jobs that exist in the economy that Plaintiff could perform. The VE testified that Plaintiff would be able to perform the demands of light driving jobs and light, unskilled cashier jobs. The ALJ accepted the VE's testimony and concluded that Plaintiff was not disabled within the meaning of the regulations.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff assigns two errors in his brief on appeal. He argues that (1) the ALJ's assessment of his RFC was not based on substantial evidence and (2) the ALJ erred when he did not ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles (DOT).

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

expert (VE) Lenora Maatouk as to whether there are other jobs that exist in the economy that Plaintiff could perform. The VE testified that Plaintiff would be able to perform the demands of light driving jobs and light, unskilled cashier jobs. The ALJ accepted the VE's testimony and concluded that Plaintiff was not disabled within the meaning of the regulations.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff assigns two errors in his brief on appeal. He argues that (1) the ALJ's assessment of his RFC was not based on substantial evidence and (2) the ALJ erred when he did not ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles (DOT).

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**The RFC Finding**

The ALJ observed that, following Plaintiff's CVA in 2005, he was prescribed physical and occupational therapy, but he canceled or failed to appear for more appointments than he attended, and he was eventually discharged based on poor attendance. Even when Plaintiff was present, there were notes that he did not always follow instructions and acted as if he did not take the therapy seriously. Treating physician Dr. Eric Bicknell wrote in January 2006 that Plaintiff reported improving left side motor control with near normal left upper extremity motor function, but some persistent left lower extremity weakness. The examination revealed near normal left upper extremity strength, and the left lower extremity strength was 4/5 at the hip and knee and 3/5 at the left ankle and foot. Tr. 81.

In February 2006, family practitioner Dr. John Danzell, Jr. wrote a "to whom it may concern" letter for Plaintiff. It reads:

> The above named patient sustained a CVA with left sided weakness on 11/12/05. Mr. Clark also has high blood pressure, decrease(d) visual acuity and blurred vision left eye post CVA, speech impediment difficulty post CVA, anxiety and depression.

> Due to Mr. Clark's medical problems, permanent disability is recommended.

Tr. 124.

A few months later, in April 2006, Dr. G. Thomas Arbour conducted a consultative physical examination. The exam revealed normal muscle mass without atrophy, and a full range of motion except a slightly decreased range of motion in the left ankle. Plaintiff's grip strength was rated at 5/5 "with adequate fine motor movements, dexterity and ability to grasp objects bilaterally." His motor strength was rated 3/5 in left upper and lower extremities, 5/5 in right upper and lower extremities." Dr. Arbour concluded that Plaintiff had "significant left sided weakness and requires a simple cane for ambulation." But despite that and other complaints about vision and depression, "the claimant has the ability to perform work-related activities including sitting, speaking and hearing." Dr. Arbour added: "He is limited, however, in tasks which require standing, walking, lifting, bending, carrying, and traveling due to the residual weakness secondary to his prior CVA." Tr. 133-36.

Plaintiff reported to an emergency room in June 2006 to complain of facial drooping, slurred speech and left upper extremity weakness and pain. However, the facial drooping did not appear to be genuine because it would come and go depending on Plaintiff's attentiveness. Reduced effort during testing of the left arm was also noted. Plaintiff was walking normally. A later follow-up assessment indicated strength of 4+ to 5/5 on the left side. Tr. 150-51.

Medical Consultant Diane Stanley (a non-physician), as part of the initial disability decision, completed a physical RFC assessment form. She reviewed the medical evidence, summarized significant findings in her report, and stated that the objective evidence made the claim of left sided weakness "questionable." She assessed Plaintiff's ability to lift, stand, sit, and engage in other activities in a fashion roughly similar to that found by the ALJ. Tr. 193-200. Plaintiff argues the ALJ's RFC is "based upon" Stanley's report and that the ALJ gave the non-physician's report "improper weight."

The ALJ did not afford improper weight to the report of Ms. Stanley. He went to great lengths to note that her opinion was not considered an acceptable medical source and that he considered her opinion only as lay evidence. He found her opinion, considered on that limited basis, accurate and consistent with the reports from physicians, other than the conclusory and less than helpful report of Dr. Danzell. Tr. 21-22.

Plaintiff concedes that the ALJ properly rejected Dr. Danzell's opinion on the ultimate issue of disability, but he nonetheless argues that Danzell's opinion as a treating physician was entitled to greater weight than Dr. Arbour's opinion. Dr. Danzell's letter contains no particular factual findings or indications of limitations. It merely recites a history of diagnoses and general limitations such as a "left sided weakness." An ALJ may afford reduced or even no weight to a treating physician's testimony when it is brief and conclusory or otherwise not supported by the evidence. <u>Scott v. Heckler</u>, 770 F.2d 482, 485 (5th Cir. 1985). Dr. Arbour's opinion, on the other hand, contains particular findings regarding

Plaintiff's grip strength and motor strength in his arms and legs, as well as Plaintiff's general health and abilities. The ALJ acted properly in favoring Dr. Arbour's opinions which, together with the other evidence of record, provided substantial evidence for the RFC.

Plaintiff has not demonstrated that the ALJ's assessment of the medical reports was inconsistent with the regulations or other applicable law. The assessment appears to be reasonable, and it does not afford improper weight to the statement of the non-physician. The court finds that the RFC assessed by the ALJ is supported by substantial evidence.

Plaintiff also argues that the description of the RFC as to the ability to perform light work, reduced by limitations, is erroneous because the two-hour stand/walk finding is inconsistent with light work's definition as requiring a "good deal" of walking and standing. The Commissioner responds that this is irrelevant because the ALJ did not find that Plaintiff could perform the full range of light work, and because the question the ALJ posed to the VE described all of the actual limitations. Plaintiff concedes in his reply that his argument on this issue is weak. The court agrees with the Commissioner on this point. The question the ALJ posed to the VE, set forth below, did not ask for the assumption of a person who could perform light or other level of work. Rather, the question described each of the various limitations. There is no reversible error in regard to this issue.

**The VE**

The ALJ described to the VE the person with the following RFC: "lift 20 pounds occasionally, 10 frequently, stand/walk at least two hours in eight, sit about six hours in

eight, no climbing of ladders, ropes, or scaffolds, no more than occasional postural activity otherwise, ..." then asked the VE if jobs exist that are consistent with that RFC. The VE testified that such a person could perform light driving jobs, of which there are more than 3,000 in Louisiana. She also identified light, unskilled cashier jobs, reduced by 50% to allow for the sit/stand needs. There are more than 17,000 such jobs in Louisiana. The VE stated that the psychological limitations included in the RFC would not impact the ability to perform those jobs. Tr. 219-20.

Social Security Ruling 00-4p explains that the agency relies primarily on the DOT for information about the requirements of work, but it may also rely on a VE, which is often done at hearings. The Ruling states that the occupational evidence provided by the VE generally should be consistent with the information in the DOT. If there is an apparent conflict between VE evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict. Reasonable explanations might be that information about a particular job's requirements are not listed in the DOT but are available in other reliable publications or information obtained directly from employers or through the VE's experience. The Ruling states that when a VE provides evidence, "the adjudicator has an affirmative responsibility to ask about any possible conflict" between the VE's evidence and information in the DOT. The Ruling states that the ALJ, in accordance with the duty to fully develop the record, "will inquire, on the record, as to whether or not there is such consistency."

The ALJ did not make the inquiry required by the Ruling. (He did state in his written ruling: "Pursuant to SSR 00-4p, the Vocational Expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." Tr. 23.) Plaintiff argues that not specifically asking the VE about conflicts requires reversal.

The Fifth Circuit recently faced a similar argument that the ALJ erred by failing to discover and explain conflicts between VE testimony and the DOT. The Court held: "Even if the ALJ erred by failing to discover and address such conflicts, [the claimant] is not entitled to relief unless she can establish that she has been prejudiced by the alleged error." DeLeon v. Barnhart, 174 Fed. Appx. 201 (5th Cir. 2006). Plaintiff argues that the unpublished decision is not precedential, which is correct, but it is persuasive. The decision is also consistent with the general approach in social security cases that the court should not vacate a decision based on a procedural flaw unless the substantial rights of a party have been affected. See Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ("Procedural perfection in administrative proceedings is not required."); and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).

Plaintiff complains about the ALJ's procedural mistake. But Plaintiff has not articulated any potential conflicts between the VE's testimony and the DOTD descriptions of the jobs that she identified. Absent some such indication of prejudice, it would serve no

purpose other than a desire to achieve procedural perfection to reverse the decision. Relief is not warranted on this issue. A district court reached the same conclusion in <u>Alexander v. Commissioner</u>, 2008 WL 4791319, *14 (N.D. Tex. 2008) when the claimant pointed out the lack of a question but could not point to an example of an apparent unresolved conflict. Accordingly, the Commissioner's decision to deny benefits will be affirmed, and a judgment will be entered in accordance with this ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE